# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

CITY OF AUGUSTA, individually and on behalf of all others similarly situated,

                    Plaintiff,

    v.

OSHKOSH CORPORATION, et al.,

                    Defendants.

Case No. 1:25-cv-01543-BBC

Hon. Byron B. Conway

---

THE NEWSTEAD FIRE CO., INC., individually and on behalf of all others similarly situated,

                    Plaintiff,

    v.

OSHKOSH CORPORATION, et al.,

                    Defendants.

Case No. 1:25-cv-01693-BBC

Hon. Byron B. Conway

---

CITY OF PHILADELPHIA, individually and on behalf of all others similarly situated,

                    Plaintiff,

    v.

OSHKOSH CORPORATION, et al.

                    Defendants.

Case No. 1:25-cv-01801-BBC

Hon. Byron B. Conway

# MEMORANDUM OF LAW IN SUPPORT OF
# DIRECT PURCHASER PLAINTIFFS' MOTION TO CONSOLIDATE
# AND TO APPOINT INTERIM CO-LEAD CLASS COUNSEL AND INTERIM LIAISON
# CLASS COUNSEL

25084508.4

# TABLE OF CONTENTS

TABLE OF AUTHORITIES………………………………………………………………..ii

I.   INTRODUCTION ................................................................................................ 1

II.  BACKGROUND ................................................................................................. 3

III. ARGUMENT ...................................................................................................... 4

   A.   Motion to Consolidate the Related Matters ................................................. 4

    1. Legal Standard for Consolidation ........................................................... 4

    2. Consolidation of the Related Matters is Appropriate Under Rule 42(a) ............................... 5

   B.   Motion to Appoint Interim Class Counsel ................................................... 6

    1. Legal Standards for Appointing Interim Class Counsel ............................ 6

      a.   Interim Co-Lead Class Counsel .................................................. 6

      b.   Interim Liaison Class Counsel ................................................... 9

    2. Direct Purchaser Plaintiffs' Counsel Unanimously Support Plaintiffs' Motion To Appoint Interim Co-Lead And Liaison Class Counsel ........................... 9

    3. Proposed Interim Class Counsel Have Expended Significant Time and Resources to Investigate Plaintiffs' Claims and Advance This Litigation .................................. 10

    4. Proposed Interim Class Counsel Have Extensive Antitrust Class Action Experience ....... 12

      a.   Barrack, Rodos & Bacine ....................................................... 12

      b.   Cuneo, Gilbert & LaDuca, LLP ................................................. 13

      c.   Preti Flaherty Beliveau & Pachios LLP ..................................... 14

      d.   von Briesen & Roper, s.c. ....................................................... 15

    5. Proposed Interim Class Counsel Have The Resources Necessary to Effectively Prosecute This Litigation ............................................................................. 16

    6. Proposed Interim Class Counsel Will Continue to Work Cooperatively With All Counsel ……………………………………………………………………..17

IV. CONCLUSION .................................................................................................. 17

25084508.4

# TABLE OF AUTHORITIES

**Cases**                                                                                   **Page(s)**

*Ahnert v. Emps. Ins. Co. of Wausau,*
  2017 WL 1251113 (E.D. Wis. Mar. 31, 2017) ........................................................................4, 5

*Baker v. City of Atlanta,*
  2022 WL 18777369 (N.D. Ga. Mar. 8, 2022) ............................................................................5

*Baker v. Saint-Gobain Performance Plastics Corp.,* Civ. Nos. 1:16-CV-0220 (LEK/DJS), *et al.*
  2016 WL 4028974 (N.D.N.Y. July 27, 2016) ..........................................................................16

*Bitzko v. Weltman, Weinberg, & Reis Co., LPA,*
  2018 WL 10593815 (N.D.N.Y. May 18, 2018) ........................................................................7

*Donaldson v. Pharmacia Pension Plan,*
  2006 WL 1308582 (N.D. Ill. May 10, 2006) ............................................................................6

*Equal Employment Opportunity Comm.'n v. G–K-G, Inc.,*
  39 F.3d 740 (7th Cir. 1994) ......................................................................................................5

*Habitat Educ. Ctr., Inc. v. Kimbell,*
  250 F.R.D. 390 (E.D. Wis. 2008) .............................................................................................5

*Hill v. The Tribune Co.,*
  2005 WL 3299144 (N.D. Ill. Oct. 13, 2005) ............................................................................8

*Illinois Brick Co. v. Illinois,*
  431 U.S. 720 (1977) ................................................................................................................11

*In re Air Cargo Shipping Servs. Antitrust Litig.,*
  240 F.R.D. 56 (E.D.N.Y. 2006) ...............................................................................................8

*In re Cmty. Bank of N. Virginia Mortgage Lending Practices Litig.,*
  2011 WL 4382942 (W.D. Pa. Sept. 20, 2011) ........................................................................10

*In re Delphi ERISA Litig.,*
  230 F.R.D. 496 (E.D. Mich. 2005) ........................................................................................8, 9

*In Re: Farm-Raised Salmon And Salmon Products Antitrust Litigation,,*
  2021 U.S. Dist. LEXIS 54321 (S.D. Fla. Mar. 23, 2021)........................................................11

*In re Forefront Data Breach Litig.,*
  WL 20690780 (E.D. Wis. Jan. 27, 2022) ................................................................................7

*In re Foundry Resins Antitrust Litig.,*
  Case No. 2:04-md-1638, ECF 25 (S.D.Ohio)......................................................................9, 10

25084508.4

*In re Generac Solar Power Sys. Mktg., Sales Pracs., & Prods. Liab. Litig.*,
   2023 WL 5878523 (E.D. Wis. July 18, 2023) ...........................................................7

*In re Johnson Controls, Inc. Data Incident Litig.*,
   2025 WL 3063459 (E.D. Wis. Oct. 3, 2025) ...........................................................7

*In re Packaged Seafood Prods. Antitrust Litig.*,
   2017 WL 35571 (S.D. Cal. Jan. 3, 2017) ...........................................................11

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
   2006 WL 2038650 (E.D.N.Y. Feb. 24, 2006) ...........................................................7

*In re Terazosin Hydrochloride Antitrust Litig.*,
   220 F.R.D. 672 (S.D. Fla. 2004) ...........................................................8

*Leprino Foods Co. v. DCI, Inc.*,
   2015 U.S. Dist. LEXIS, at *7-*9 (D. Colo. Jan. 9, 2015) ...........................................................5

*SJ Props Suites, BuyCo, EHF v. Dev. Opportunity Corp.*,
   2009 WL 3790009 (E.D. Wis. Nov. 12, 2009) ...........................................................4

*Smith v. State Farm Mut. Auto. Ins. Co.*,
   301 F.R.D. 284 (N.D. Ill. 2014) ...........................................................6, 8

*United States v. Knauer*,
   149 F.2d 519 (7th Cir. 1945) ...........................................................4

*Walker v. Discover Fin. Servs.*,
   No. 10-CV-6994, 2011 WL 2160889 (N.D. Ill. May 26, 2011) ...........................................................9, 10

**Statutes**

15 U.S.C. § 1 ...........................................................4

**Rules**

Federal Rule of Civil Procedure 23 ...........................................................1, 6, 8, 9

Federal Rule of Civil Procedure 42 ...........................................................1, 4, 5

**Other**

Charles Alan Wright, et al., *Federal Practice and Procedure* § 1802.3 (3d ed. 2005)..............9

Manual for Complex Litigation (Fourth) (2004)

§ 10.221 ...........................................................7, 9

§ 10.224 ...........................................................7, 10

§ 21.11 ...........................................................6, 7

§ 21.272 ..................................................................................................................7,9

Moore's Federal Practice § 23.120[3][a] (2007)………………………………...…………10

25084508.4

Direct Purchaser Plaintiffs City of Augusta, The Newstead Fire Co., Inc., and City of Philadelphia (collectively, "Direct Purchaser Plaintiffs" or "DPPs") move, pursuant to Federal Rule of Civil Procedure 42(a), for an Order consolidating the following Direct Purchaser antitrust class actions currently before the Court: *City of Augusta v. Oshkosh Corporation, et al.,* No. 1:25-cv-01543-BBC ("City of Augusta"); *The Newstead Fire Co. v. Oshkosh Corporation, et al.,* No. 1:25-cv-01693-BBC ("Newstead Fire Co."); and *City of Philadelphia v. Oshkosh Corporation, et al.,* No. 1:25-cv-01801-BBC ("City of Philadelphia") (collectively, "Related Matters") under the title, *In re: Direct Purchaser Fire Apparatus Antitrust Litigation.* In addition, the Direct Purchaser Plaintiffs respectfully move, pursuant to Federal Rule of Civil Procedure 23(g), for an order appointing Barrack, Rodos & Bacine ("BRB"), Cuneo Gilbert & LaDuca, LLP ("CGL"), and Preti Flaherty Beliveau & Pachios LLP ("Preti") interim co-lead class counsel for the putative direct purchaser class, and von Briesen & Roper, s.c. ("von Briesen") as interim liaison class counsel for the putative direct purchaser class.

## I.      INTRODUCTION

Pursuant to Fed. R. Civ. P. 42(a), Plaintiffs City of Augusta, The Newstead Fire Co., Inc., and City of Philadelphia respectfully move the Court for an order consolidating the Related Matters, which arise from the same nucleus of operative facts—the Defendants' anticompetitive actions resulting in illegal price-fixing, which affected these Plaintiffs and all other similarly situated direct purchasers of Fire Apparatus from the four named Defendant Manufacturers from January 1, 2016 forward. The Related Matters are brought against common defendants, are grounded in a common set of operative facts, and seek similar remedies through similar causes of action on behalf of virtually identical putative classes. Consolidation of the Related Matters serves the interests of justice, efficiency, and judicial economy. In addition, pursuant to Fed. R. Civ. P. 23(g), this Court should appoint interim co-lead class counsel and liaison class counsel for the

1

putative direct purchaser class because it will streamline prosecution of this complex litigation, which involves related and overlapping putative antitrust class actions. Appointing interim co-lead class counsel and liaison class counsel is necessary to coordinate discovery both among direct purchaser plaintiffs and also with counsel for the separate, putative class of indirect purchaser plaintiffs, and to conduct depositions, employ experts, ensure that deadlines are met, and otherwise facilitate the efficient and effective prosecution of this litigation on behalf of the putative direct purchaser class.

The three firms seeking appointment as interim co-lead counsel for the putative direct purchaser class are well qualified to serve, and von Briesen is well qualified to serve as interim liaison class counsel. These firms have exceptional records of experience, knowledge, and capacity to commit the necessary resources to prosecute this litigation. For example, Preti and CGL successfully prosecuted *In re Automotive Parts Antitrust Litigation* (MDL 2311) (E.D.Mich.). As one of the Co-Lead Counsel for the direct purchaser class, Preti recovered over $300 million. As one of the Co-Lead Counsel for the automobile dealer class, CGL achieved recoveries totaling over $400 million. BRB successfully prosecuted *In re Flat Glass Antitrust Litigation* (MDL No. 1200) (E.D. Pa.) as co-lead counsel, recovering more than $120 million for the class.

BRB represents City of Philadelphia, the sixth largest city in the U.S., which, according to the presently filed complaints, has made more direct purchases by orders of magnitude than any other direct or indirect purchaser of Fire Apparatus during the putative class period in this litigation. The Preti and CGL firms were the first to file class actions in this case specifically on behalf of a proposed class of direct purchasers. Since then, these firms have conferred with plaintiffs' counsel for all known direct and indirect purchaser actions now pending before this Court, and have communicated with all defense counsel regarding acceptance of service as they

2

25084508.4

file their notices of appearance with the Court, thus demonstrating their commitment to organize the case, advance the litigation and work effectively with other parties and counsel. As a result, all known direct purchaser plaintiffs and their counsel in the direct purchaser actions currently pending before this Court unanimously agree to the organizational structure proposed in this motion.

## II.      BACKGROUND

Plaintiffs in these Related Matters allege that defendants conspired to fix and maintain prices in the Fire Trucks and Apparatus market, in violation of the federal antitrust laws. *See* Declaration of Gregory P. Hansel in Support of Motion of Direct Purchaser Plaintiffs to Appoint Interim Co-Lead and Liaison Class Counsel ("Hansel Decl."), ¶ 2. "Fire Trucks" as used in this case refers to those fire trucks as recognized by the National Fire Protection Association ("NFPA") Standard 1900 regarding automotive fire apparatus and the National Wildfire Coordinating Group Standards for Wildland Fire Resource Typing. Throughout this motion, "Fire Apparatus" is used interchangeably with "Fire Trucks" and as defined in the City of Philadelphia's pleading.[1]

The City of Philadelphia, City of Augusta, and Newstead Fire Co., Inc., each direct purchasers of Fire Apparatus and represented by BRB, Preti and CGL, respectively, and their co-counsel, filed direct purchaser antitrust class actions against the nation's largest Fire Truck manufacturers and the Fire Apparatus Manufacturers' Association ("FAMA"). These actions are brought on behalf of all direct purchasers of Fire Trucks from the manufacturer Defendants from January 1, 2016 to the present.[2] All three plaintiffs allege that Defendants colluded to artificially

---

[1] *City of Philadelphia,* Compl. (Doc. 1), at ¶ 1.

[2] Defendants in all three cases are Oshkosh Corporation, Pierce Manufacturing, Inc.; Rev Group, Inc.; Rosenbauer America LLC (collectively, "Manufacturer Defendants"); and Fire Apparatus Manufacturers' Association ("FAMA").

3

25084508.4

raise and maintain prices of Fire Trucks, in violation of Section One of the Sherman Act, 15 U.S.C. § 1, and that the nationwide Class of direct purchasers was harmed thereby.[3]

Proposed interim lead counsel for direct purchaser plaintiffs have met and conferred with counsel for the separate putative class of *indirect* purchaser plaintiffs[4] and intend to coordinate with defendants on a stipulation for each of the two plaintiff groups to file its own consolidated amended complaint, followed by a uniform date for defendants to respond to the consolidated amended complaints. The parties may also propose additional case management measures to streamline the case and promote judicial economy.

## III.    ARGUMENT

### A.    Motion to Consolidate the Related Matters

#### 1.    Legal Standard for Consolidation

Rule 42(a) of the Federal Rules of Civil Procedure provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

"In deciding whether to consolidate cases, courts exercise broad discretion and try to consolidate where possible." *SJ Props Suites, BuyCo, EHF v. Dev. Opportunity Corp.*, 2009 WL 3790009, at *1 (E.D. Wis. Nov. 12, 2009) (citing *United States v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945)). "Consolidation is preferred to avoid unnecessary duplication of efforts in related cases and promote judicial economy and efficiency." *Id.* (citations omitted); *Ahnert v. Emps. Ins. Co. of*

---

[3] As noted at the outset, this motion for appointment of lead and liaison counsel only pertains to the direct purchaser plaintiff cases. At least two indirect purchaser cases have been filed.

[4] See *City of La Crosse v. Oshkosh Corp., et al.*, No. 1:25-cv-01252 and *City of Onalaska v. Oshkosh Corp. et al.*, 1:25-cv-01717-BBC.

4

*Wausau*, 2017 WL 1251113, at *2 (E.D. Wis. Mar. 31, 2017) (citing *Equal Employment Opportunity Comm.'n v. G–K-G, Inc.*, 39 F.3d 740, 745 (7th Cir. 1994)). The Court "need not find that common questions of law or fact predominate; only that they exist and that consolidation will prove beneficial." *Habitat Educ. Ctr., Inc. v. Kimbell*, 250 F.R.D. 390, 394 (E.D. Wis. 2008) (citation omitted). In determining whether to consolidate, courts "consider such factors as judicial economy, avoiding delay, and avoiding inconsistent or conflicting results." *Id.*; *see also Ahnert*, 2017 WL 1251113, at *2 (motion to consolidated granted where "the two cases involve a common core of factual questions and legal issues," and "[i]n the absence of consolidation, there is a risk that two judges would preside over two trials with inconsistent rulings or verdicts.").

### 2. Consolidation of the Related Matters is Appropriate Under Rule 42(a)

The complaints filed in the Related Matters assert the same basic facts underpinning the Sherman Act cause of action against the common Manufacturer Defendants and FAMA and seek similar individual and identical class-wide relief in response to the same conspiracy to restrain trade and engage in a price fixing scheme. The Related Matters commonly seek certification of a nationwide class of direct purchasers of Fire Apparatus and allege that class members suffered harm as a result of the price fixing scheme. Indeed, the Related Matters present the quintessential consolidation scenario, and the Court should consolidate these cases to ensure judicial economy and preserve party resources.

Courts consistently find that similar class actions are particularly appropriate for Rule 42 consolidation. *See, e.g., Baker v. City of Atlanta,* 2022 WL 18777369, at *2 (N.D. Ga. Mar. 8, 2022); *see also Leprino Foods Co. v. DCI, Inc.,* 2015 U.S. Dist. LEXIS, at *7-*9 (D. Colo. Jan. 9, 2015) (the court found that the two actions involved common questions of law or fact and thus "consolidation of these two actions will avoid unnecessary cost and will promote judicial efficiency.").

5

25084508.4

Consolidation of the Related Matters is warranted because it will simplify discovery, pretrial motions, class certification issues, and other case management issues, especially given that the cases are at their procedural inception. Consolidating the Related Matters will also reduce any confusion and/or delay that may result from prosecuting related putative class actions separately, including eliminating duplicative discovery and the possibility of inconsistent rulings on class certification, *Daubert* motions, and other pretrial matters. Furthermore, consolidation will foster judicial economy and will not prejudice any party.

Accordingly, Direct Purchasers request that the Court consolidate the Related Matters under the docket number for the first-filed Direct Purchaser case, No. 1:25-cv-01543, and under the caption *In re: Direct Purchaser Fire Apparatus Antitrust Litigation*.

**B.      Motion to Appoint Interim Class Counsel**

**1.      Legal Standards for Appointing Interim Class Counsel**

**a.      Interim Co-Lead Class Counsel**

Federal Rule of Civil Procedure 23(g)(3) provides that the "court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3); *see also Donaldson v. Pharmacia Pension Plan*, No. 06-3-GPM, 2006 WL 1308582, at *1 (N.D. Ill. May 10, 2006). Appointing interim class counsel is appropriate where, as here, there are "a number of overlapping, duplicative, or competing suits" because "designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual for Complex Litigation (Fourth) § 21.11, at 246-47 (2004) ("Manual"); *see also Smith v. State Farm Mut. Auto. Ins. Co.*, 301 F.R.D. 284, 288 (N.D. Ill. 2014). One purpose of appointing interim lead counsel is to "foster efficiency in case management regarding discovery and potential resolution

6

of the claims." *Bitzko v. Weltman, Weinberg, & Reis Co., LPA,* 2018 WL 10593815, *1 (N.D.N.Y. May 18, 2018). Motions to appoint interim co-lead counsel in complex class action matters, before any class is certified, are routinely granted in this district. *See, e.g.*, *In re Forefront Data Breach Litig.*, No. 21-CV-1105, 2022 WL 20690780 (E.D. Wis. Jan. 27, 2022); *In re Generac Solar Power Sys. Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. 23-MD-3078, 2023 WL 5878523 (E.D. Wis. July 18, 2023); *In re Johnson Controls, Inc. Data Incident Litig.*, No. 25-CV-0955, 2025 WL 3063459 (E.D. Wis. Oct. 3, 2025).

In *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 2006 WL 2038650, at *2 (E.D.N.Y. Feb. 24, 2006), the court observed that "[t]he appointment of lead counsel is recognized as a useful and helpful way to avoid duplication of effort and a means to streamline what could otherwise be inefficient and unruly proceedings." The court also noted that "the Manual…counsels that in making such an appointment, [the court] should consider such factors as the qualification and competence of counsel, the ability of counsel to fairly represent diverse interests, and the attorneys' ability to command the respect of their colleagues and work cooperatively with opposing counsel and court." *Id.*

Early selection of interim class counsel in the litigation process has important benefits, such as providing for "efficiency and economy without jeopardizing fairness to the parties." *Manual* § 10.221. Appointing interim class counsel assists a court in organizing the case and promotes orderly and efficient litigation. *See generally, id.* §§ 10.224, 21.272. The "designation of interim [class] counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Id.* § 21.11. Interim class counsel is responsible for acting on behalf of the class, so a court strives to select qualified interim

class counsel who can represent the class fairly and adequately during all phases of the litigation. Fed. R. Civ. P. 23(g)(4); *In re Air Cargo Shipping Servs. Antitrust Litig., 240 F.R.D.* 56, 57 (E.D.N.Y. 2006) (quoting the Manual).

In the present case, Direct Purchaser Plaintiffs' claims against Defendants are premised on identical conduct by the various Defendants and will be resolved by application of the same law. Consequently, appointment of interim Lead Counsel and Liaison Counsel will greatly enhance the efficiency of the prosecution of these claims.

Interim lead class counsel must "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B); *In re Delphi ERISA Litig.*, 230 F.R.D. 496, 498 (E.D. Mich. 2005); *see also Hill v. The Tribune Co.*, No. 05-2602, 2005 WL 3299144, at *3 (N.D. Ill. Oct. 13, 2005). In selecting interim lead class counsel, this Court must consider: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. *See* Fed. R. Civ. P. 23(g)(1)(A); *Smith*, 301 F.R.D. at 288; *Hill*, 2005 WL 3299144, at *3. Other pertinent factors include any matter that is relevant to "counsel's ability to fairly and adequately represent the interests of the class." *Smith*, 301 F.R.D. at 288; *In re Delphi*, 230 F.R.D. at 498. Typically, proposed counsel's knowledge and experience are "[t]he consideration that the Court finds to be most persuasive" in selecting lead counsel. *In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004). Though these various factors pertain to the selection of class counsel upon class certification, courts appointing interim class counsel before certification apply these same factors. *See Smith*, 301 F.R.D. at 288; *In re Delphi*, 230 F.R.D. at 498.

"In determining lead counsel, a court should conduct an independent review to ensure that counsel appointed to leading roles is qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." *In re Delphi*, 230 F.R.D. at 498 (citation omitted). No single factor is determinative; instead, a court should appoint counsel after evaluating all relevant considerations and comparing the applicants' relative strengths. *See* Fed. R. Civ. P. 23(g)(1)(A)-(B); *Walker v. Discover Fin. Servs.*, No. 10-CV-6994, 2011 WL 2160889, at *3 (N.D. Ill. May 26, 2011); *In re Delphi*, 230 F.R.D. at 498; 7B Charles Alan Wright, et al., *Federal Practice and Procedure* § 1802.3 (3d ed. 2005).

### b. Interim Liaison Class Counsel

The Manual also discusses the role and function of liaison counsel. The *Manual* describes liaison counsel as being "[c]harged with essentially administrative matters, such as communications between the court and other counsel (including receiving and distributing notices, orders, motions, and briefs on behalf of the group), convening meetings of counsel. advising parties of developments, and otherwise assisting in the coordination of activities and positions." *Manual* § 10.221. As noted in the Manual, because of the type of responsibilities that are undertaken, liaison counsel usually has an office in the same location as the court. *Id.*

### 2. Direct Purchaser Plaintiffs' Counsel Unanimously Support Plaintiffs' Motion To Appoint Interim Co-Lead And Liaison Class Counsel

"Private ordering"—that is, the court's review of the consensus among plaintiffs as to who should serve as interim lead and liaison class counsel—is the most common method for selecting interim class counsel and is strongly encouraged by the Manual. *See* Manual, §§ 10.22, 21.272, at 279-80. The purpose is to accomplish optimal and efficient representation of the proposed class members. Appointing interim counsel to act as the leadership group reflects the consensus of those whose interests are affected – a consensus that is entitled to judicial deference. *See, e.g., In re*

9

*Foundry Resins Antitrust Litig.*, Case No. 2:04-md-1638, Order Appointing Interim Co-Lead Counsel, ECF 25 (S.D. Ohio 2004) (Appointing counsel that had support of 88% of Plaintiffs).Under the private-ordering approach, counsel agree on who would best serve as interim class counsel, and the court reviews the selection to "ensure that counsel selected is adequate to represent the class interests." *Id*. Where, as here, experienced plaintiffs' counsel unanimously agree to the appointment of certain firms, such counsel are generally considered to be well-suited to serve as interim class counsel. *See In re Cmty. Bank of N. Virginia Mortgage Lending Practices Litig.*, No. CIV.A. 02-1201, 2011 WL 4382942, at *2 (W.D. Pa. Sept. 20, 2011) ("the private ordering method of selecting interim lead counsel has long been the preferred approach") (citing *Report of the Third Circuit Task Force, Selection of Class Counsel*, 208 F.R.D. 340, 416 (2002)); *see also* Manual for Complex Litigation, § 10.224, at 27 (stating that "the attorneys' ability to command the respect of their colleagues and work cooperatively with opposing counsel and the court" is an important factor in selecting class counsel).

Here, all current direct purchaser plaintiffs' counsel unanimously support the proposed structure. *See* Hansel Decl., ¶ 3; Declaration of Michael Flannery in Support of Motion of All Direct Purchaser Plaintiffs to Appoint Interim Co-Lead and Liaison Class Counsel ("Flannery Decl."), ¶ 3; Basser Decl., ¶ 2. The Court should give significant weight to that unanimous support.

### 3. Proposed Interim Class Counsel Have Expended Significant Time and Resources to Investigate Plaintiffs' Claims and Advance This Litigation

Proposed interim class counsel have already taken significant steps to identify and investigate direct purchaser plaintiffs' claims and to advance this litigation. Hansel Decl., ¶ 3; Flannery Decl., ¶ 6. "One factor a court may consider is whether an attorney has undertaken 'the process of drafting the complaint [which] requires investigatory and analytical effort.'" *Walker*, 2011 WL 2160889, at *3 (quoting Moore's Federal Practice § 23.120[3][a] (2007) and appointing

10

as interim lead counsel the firms that had filed the first class action complaints and had performed the most work in identifying and investigating potential claims). Proposed interim class counsel have done just that on behalf of Direct Purchaser Plaintiffs.

In investigating and researching the direct purchaser actions, proposed interim lead and liaison counsel analyzed the structure of the market for direct sales by Manufacturer Defendants to fire departments. That type of purchaser and sale is factually, economically, and legally distinct from indirect sales, such as sales through emergency vehicle dealers or sales of second-hand Fire Trucks. Moreover, proposed direct purchaser lead counsel seek to represent a nationwide class rather than a class composed of plaintiffs bringing damages claims only on a state-by-state basis under applicable state laws.

Direct purchasers were the first to allege the launching of an FTC inquiry and a United States Senate investigation. *City of Philadelphia* Complaint, ECF 1, at ¶ 1; *City of Augusta* Complaint, ECF 1, at ¶ 4; *The Newstead Fire Co., Inc.* Complaint, ECF 1, at ¶ 8. Government investigations are a factor widely considered at the pleading stage of antitrust class actions.[5]

Only direct purchasers have a claim for damages under the Sherman Act. *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977). The legally, economically and factually distinct claims of *indirect purchasers* for damages rely exclusively on state laws in those states allowing such claims. Indirect purchasers have a different factual case, based on direct purchasers passing on the overcharge to them. As a result, indirect purchasers commonly seek discovery of direct purchasers

---

[5] *See, e.g., In Re: Farm-Raised Salmon And Salmon Products Antitrust Litig,* 2021 U.S. Dist. LEXIS 54321 (S.D. Fla. Mar. 23, 2021)(Court considered pending government investigations among other factors); *In re Packaged Seafood Prods. Antitrust Litig.*, No. 15-md-2670, 2017 WL 35571, at *8 (S.D. Cal. Jan. 3, 2017) (noting "it would be improper to draw a conclusion that a pending government investigation on its own supplies sufficient factual material to survive a . .. motion to dismiss" but nevertheless "consider[ing] the pending [government] investigation in concert with [the] [p]laintiffs' other allegations" (alterations added)).

25084508.4

on that issue. As a result, while direct and indirect purchaser plaintiffs have certain common issues, such as proving the existence of the conspiracy among Defendants, their interests are also distinct and may entail indirect purchasers taking discovery of direct purchasers, necessitating the appointment of different interim lead counsel.

In filing their direct purchaser claims, proposed interim class counsel listed their Complaints as related to the *City of La Crosse* action that had been previously filed before this Court. BRB, Preti, and CGL will continue to coordinate and collaborate with plaintiffs' counsel in the indirect purchaser cases, and with counsel for Defendants to efficiently and effectively advance this litigation. *See* Hansel Decl., ¶ 4; Flannery Decl., ¶ 4; Basser Decl., ¶ 2.

### 4. Proposed Interim Class Counsel Have Extensive Antitrust Class Action Experience

Proposed interim co-lead and liaison class counsel have extensive experience in successfully prosecuting antitrust class actions and other complex litigation nationwide.

#### a. Barrack, Rodos & Bacine

BRB has significant depth, experience, and resources in litigating complex class action cases, including antitrust class actions. BRB has held leadership positions in antitrust, securities, and consumer antitrust class actions, having been appointed by courts throughout the United States and having recovered more than $15 billion for its clients, including achieving several class action settlements above $1 billion.

Significant representative results in antitrust cases in which the Firm held a co-lead counsel position (unless otherwise noted) include: *Thomas & Thomas Rodmakers, Inc. v. Newport Adhesives and Composites, Inc., et al.*, $67.5 million settlement); *In re Graphite Electrodes Antitrust Litigation* (settlements exceeded $133 million); *In re Citric Acid Antitrust Litigation*,( > $80 million recovered); *In re Sorbates Antitrust Litigation*, ( > $80 million recovered); *In re*

*Automotive Refinishing Paint Antitrust Litigation*, ( > $105 million in settlements); *In re Flat Glass Antitrust Litigation*, (>$120 million recovered); *In re Polypropylene and Nylon Carpet Antitrust Litigation*, ($50 million in settlements); and *In re Vitamins Antitrust Litigation*, (served on Executive Committee), (settlements > $1 billion). For additional information regarding BRB's experience and success in antitrust and other complex class action litigation matters, *see,* BRB Firm Biography, attached hereto as Exhibit A to the Basser Decl.

### b.    Cuneo, Gilbert & LaDuca, LLP

CGL is based in Washington, DC with additional offices in St. Louis, Missouri, Brooklyn, New York, Nashville, Tennessee and Minneapolis, Minnesota. CGL represents clients in complex liability and class action litigation involving antitrust, securities, corporate governance, consumer protection, and products liability. Flannery Decl., ¶ 5.

CGL is a lead counsel in numerous recent multidistrict antitrust litigation actions, including *In re Packaged Seafood Products Antitrust Litig.*, Case No. 15-md-02670 DMS(MSB) (S.D. Cal.) (appointed sole lead counsel on behalf of certified class of commercial indirect purchasers); *In re Cattle and Beef Antitrust Litig.*, Case No. 22-md-03031 (D. Minn.) (appointed as co-lead counsel representing a putative class of commercial indirect purchasers of beef); *In re Pork Antitrust Litig.*, Case No. 18-cv-1776-JRT-HB (D. Minn.) (appointed as co-lead counsel representing a certified class of commercial indirect purchasers of pork); *In re Turkey Antitrust Litig.*, Case No. 20-cv-02295 (N.D. Ill.) (appointed as co-lead counsel for a certified class of commercial indirect purchasers of turkey); *In re Generic Pharmaceuticals Pricing Antitrust Litig.*, Case No. 16-md-2724 (E.D. Pa.) (representing a putative class of indirect purchaser pharmacy resellers bringing indirect purchaser actions against drug manufacturers); *In re Fragrance Indirect Purchaser Antitrust Litig.*, No. 23-cv-3249 (WJM) (JSA) (D.N.J.) (appointed co-lead counsel for commercial indirect purchaser plaintiffs); *In re Concrete & Cement Additives Antitrust Litig.*, No. 1:24-md-

03097-LJL (S.D.N.Y.) (appointed co-lead counsel for indirect purchasers); and *In re Granulated Sugar Antitrust Litig.*, MDL No. 24-3110 (JWB/DTS) (appointed co-lead counsel for commercial indirect purchasers).  Flannery Decl., ¶ 6.

### c. Preti Flaherty Beliveau & Pachios LLP

Preti is an 85-lawyer, full service commercial law firm with offices in Massachusetts, Maine, and New Hampshire. It has represented plaintiffs and defendants, including many. Fortune 500 corporations, in class actions and other complex litigation. Courts have recognized the firm's capabilities by appointing it to leadership positions in recent complex antitrust and multidistrict class actions: *In re Automotive Parts Antitrust Litigation,* MDL 2311 (D.Mich.)(Co-Lead Counsel for settlement classes of direct purchasers achieving over $300 million in recoveries); *Pro Slab, Inc. et al. v. Argos USA LLC, et al.,* Case No. 2:17-cv-03185-BHH (D.S.C.) (Co-Lead Counsel for direct purchaser class, $19 million in partial class settlements to date); *Iowa Ready-Mix Concrete Antitrust Litig.,* No. C 10-4038-MWB (N.D. Iowa)(Co-Lead Counsel for direct purchaser class, Court approved settlement of $18.5 million); *In re Marine Hose Antitrust Litig.,* MDL Docket No. 1888 (S.D. Fla.)(Co-Lead Counsel for direct purchaser class, settlements of $32 million); *In re Foundry Resins Antitrust Litig.,* MDL Docket No. 1638 (S.D. Ohio)(Co-Lead Counsel for direct purchaser class, settlements of $14 million); and *Blind Builders USA Inc.* v. *Royal Window Coverings (USA) L.P. ("Window Coverings Antitrust Litigation"),* Case No. 07-1387 (E.D. Pa.). The firm was also appointed Liaison Counsel in *In re Compact Disc Minimum Advertised Price Antitrust Litig.,* MDL No. 1361 (D. Maine) ($143 million in settlements); and a member of the Executive Committees in *In re Apple Inc. Smartphone Antitrust Litigation*, 2:24-md-03113 (D. N.J.) (representing indirect purchaser class); *In re: Farm-Raised Salmon and Salmon Products Antitrust Litigation*, Case No. 19-21551-CIV (S.D. Fla.) (Direct purchaser settlements of $85 million) and *In re Chocolate Confectionary Antitrust Litig.,* MDL No. 1935 (M.D. Pa.).

The firm has been praised for its straightforward and efficient approach to litigation. In *Iowa Ready-Mix Concrete,* Judge Bennett stated that "[t]hrough their extremely skilled and efficient efforts, class counsel marshaled sufficient evidence and archived settlements that were highly favorable to the class members, all within a year and a half of the original case filing." Order, November 9, 2011. The court went on to say the case was "a model for the nation that class actions can, indeed, work exactly as Congress and the federal courts intended" and "[t]his case has been to me what it was like when I stood before da Vinci's 'Mona Lisa' and Michelangelo's 'David,' observing the great masters' works." In *Window Coverings,* Co-Lead Counsel Preti Flaherty was recognized by Judge Diamond for the quality and efficiency of their work. He wrote: "Plaintiffs' Counsel showed consummate skill and efficiency in prosecuting this case – the settlement...they obtained illustrates their ability." Order on Motion for Attorneys' Fees, Expenses and Incentive Awards, November 29, 2007. In approving a $14.2 million antitrust class action settlement in a case in which Preti Flaherty was one of the Lead Counsel, Judge Frost of the Southern District of Ohio commented, "I wouldn't have ever thought that this case would have proceeded along as smoothly as it did." *In re Foundry Resins Antitrust Litig,* MDL No. 1638, Transcript of hearing on final approval of settlement, March 28, 2008 at 32.

### d.    von Briesen & Roper, s.c.

von Briesen & Roper and is well-qualified to serve as interim liaison counsel for the direct purchaser plaintiffs.  In particular, Beth Kushner, as Senior Counsel in the firm's Litigation and Risk Management Practice Group, has specific experience in antitrust class actions including *In re Foundry Resins Antitrust Litig.*, MDL Docket No. 1638 (S.D. Ohio).  She specializes in complex litigation and has successfully handled a broad range of business and commercial disputes, shareholder disputes, construction matters, antitrust disputes, class actions of all sorts, fraud and RICO cases, employment cases and product liability claims. She has a particular expertise in cases

25084508.4

that involve high stakes, and her clients appreciate her creative, pragmatic, and cost-effective approach to litigation. She has a demonstrated ability to devise and implement winning strategies while keeping efficiency in mind. In addition, Ms. Kushner regularly represents clients in mediations and arbitrations, as well as acts as a neutral, and is a member of the Wisconsin Association of Mediators. She enjoys the respect of lawyers and judges in Wisconsin and around the country.

>     **5.    Proposed Interim Class Counsel Have The Resources Necessary to Effectively Prosecute This Litigation**

Proposed interim co-lead class counsel, BRB, Preti, and Cuneo, and proposed liaison class counsel, von Briesen & Roper, stand ready to dedicate the resources necessary to represent and protect the interests of the putative direct purchaser plaintiff class through rigorous motion practice, discovery, class certification, and trial. Hansel Decl., ¶ 12; Flannery Decl., ¶ 15; Basser Decl., ¶ 7.

>     **6.    Proposed Interim Class Counsel Will Continue to Work Cooperatively With All Counsel**

As noted above, the proposed organizational structure is supported by all current direct purchaser plaintiffs who have filed claims in this district and their counsel. *See* Hansel Decl., ¶ 3; Flannery Decl., ¶ 3, Basser Decl., ¶ 2.  As reflected by their early success in private ordering, proposed interim class counsel also have demonstrated an effective management style, which will encourage and efficiently deploy the participation of the other firms in this litigation.  *See Baker v. Saint-Gobain Performance Plastics Corp.*, Civ. Nos. 1:16-CV-0220 (LEK/DJS), *et al.*, 2016 WL 4028974, at *4 (N.D.N.Y. July 27, 2016) (interim counsel's "ability to command the respect of their colleagues and work cooperatively with opposing counsel and the court" are important considerations) (internal quotations omitted; citing Manual for Complex Litigation, § 10.224). In carrying out this endeavor, proposed interim class counsel will make every effort to avoid waste

16

and duplication. Their ability to work in a collaborative fashion with other firms is demonstrated by their efforts to date in this case, bringing the first direct purchaser actions and their decades of experience in antitrust class actions.

## IV.    CONCLUSION

WHEREFORE, Plaintiffs City of Augusta, Newstead Fire Company, Inc., and City of Philadelphia respectfully request that the Court appoint Barrack, Rodos & Bacine, Cuneo, Gilbert & LaDuca, LLP, and Preti Flaherty Beliveau & Pachios LLP as interim co-lead counsel and von Briesen & Roper as interim liaison class counsel, to represent the putative direct purchaser plaintiff class in this litigation.

Dated: November 20, 2025

Gregory P. Hansel*
Michael S. Smith*
Elizabeth F. Quinby*
Michael D. Hanify*
PRETI FLAHERTY BELIVEAU &
PACHIOS, LLP
One City Center
P.O. Box 9546
Portland, ME 04112
Tel: (207)791-3000
ghansel@preti.com
msmith@preti.com
equinby@preti.com
mhanify@preti.com

*Counsel for Plaintiff City of Augusta and
Proposed Interim Direct Purchaser Co-Lead
Counsel*

Respectfully submitted,

By: *s/ Christopher E. Avallone*
Beth Kushner, SBN 1008591
Christopher E. Avallone, SBN 1095465
von BRIESEN & ROPER, s.c.
411 East Wisconsin Avenue, Suite 1000
Milwaukee, WI 53202
Tel: (414) 276-1122
beth.kushner@vonbriesen.com
christopher.avallone@vonbriesen.com

*Counsel for Plaintiff City of Augusta and Proposed
Interim Direct Purchaser Liaison Counsel*

17

25084508.4

Joseph C. Kohn*
William E. Hoese*
Zahra R. Dean*
KOHN SWIFT & GRAF, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA 19103
Tel: (215) 238-1700
jkohn@kohnswift.com
whoese@kohnswift.com
zdean@kohnswift.com

*Counsel for Plaintiff City of Augusta and
Proposed Class*

William G. Caldes*
Jeffrey L. Spector*
SPECTOR ROSEMAN & KODROFF, P.C.
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Tel: (215) 496-0300
Fax: (215) 496-6611
BCaldes@srkattorneys.com
JSpector@srkattorneys.com

*Counsel for Plaintiff City of Augusta and
Proposed Class*

_/s Michael J. Flannery_
Michael J. Flannery (WIED No. 110084)
CUNEO GILBERT & LADUCA, LLP
2 CityPlace Drive
Second Floor
St. Louis, MO 63141
Telephone: (314) 226-1015
mflannery@cuneolaw.com

*Counsel for Plaintiff The Newstead Fire Co.,
Inc. and Proposed Interim Co-Lead Direct
Purchaser Class Counsel*

Evelyn Riley*
Cody McCracken*
CUNEO GILBERT & LADUCA, LLP
2445 M Street NW
Suite 740
Washington, DC 20037
Telephone: (202) 789-3960
evelyn@cuneolaw.com
cmccracken@cuneolaw.com

*Counsel for Plaintiff The Newstead Fire Co., Inc.
and Proposed Interim Co-Lead Direct Purchaser
Class Counsel*

Marco Cercone
RUPP PFALZGRAF LLC
1600 Liberty Building
Buffalo, NY 14202
Telephone: (716) 854-3400
cercone@rupppfalzgraf.com

*Counsel for Plaintiff The Newstead Fire Co.,
Inc. and Proposed Class*

Shawn M. Raiter (WI # 1022977)
LARSON · KING, LLP
30 East Seventh Street
Suite 2800
St. Paul, MN 55101
Telephone: (651)312-6518
sraiter@larsonking.com

*Counsel for Plaintiff The Newstead Fire Co., Inc.
and Proposed Class*

18

Richard R. Barrett
LAW OFFICES OF RICHARD R.
BARRETT, PLLC
2086 Old Taylor Road, Suite 1011
Oxford, MS 38655
Telephone: (662) 380-5018
rrb@rrblawfirm.net

*Counsel for Plaintiff The Newstead Fire Co.,*
*Inc. and Proposed Class*

Don Barrett
Sterling Aldridge
BARRETT LAW GROUP, P.A.
404 Court Square North
Lexington, MS 39095-0927
Telephone: (662) 834-9168
donbarrettpa@gmail.com
saldridge@barrettlawgroup.com

*Counsel for Plaintiff The Newstead Fire Co., Inc.*
*and Proposed Class*

Patrick W. Pendley
Christopher L. Coffin
PENDLEY BAUDIN COFFIN
24110 Eden Street
Plaquemine, LA 70765
Telephone: (225) 687-6396
pwpendley@pbclawfirm.com
ccoffin@pbclawfirm.com

*Counsel for Plaintiff The Newstead Fire Co., Inc.*
*and Proposed Class*

By: /s/ Stephen R. Basser
Stephen R. Basser (WIED No. 121590)
Samuel M. Ward (WIED No. 216562)
**BARRACK, RODOS & BACINE**
600 West Broadway, Suite 900
San Diego, CA 92101
Tel.: (619) 230-0800
Fax: (619) 230-1874
E-mail: sbasser@barrack.com
E-mail: sward@barrack.com

Jeffrey A. Barrack (WIED No. 78438)
Danielle M. Weiss*
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Tel.: (215) 963-0600
Fax: (215) 963-0838
E-mail: jbarrack@barrack.com
E-mail: dweiss@barrack.com

19

25084508.4

William J. Ban*
Eleven Times Square
640 8th Avenue, 10th Floor
New York, New York 10036
Tel.: (212) 688-0782
Fax.: (212) 688-0783
E-mail: wban@barrack.com

*Counsel for City of Philadelphia and Proposed
Interim Co-Lead Direct Purchaser Class Counsel*

*\*Application for admission to be filed*

25084508.4