PUNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| CITY OF AUGUSTA, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>  v.<br><br>OSHKOSH CORPORATION, et al.,<br><br>          Defendants. | Case No. 1:25-cv-01543-BBC<br><br>Hon. Byron B. Conway |
| THE NEWSTEAD FIRE CO., INC., individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br>v.<br><br>OSHKOSH CORPORATION, et al.,<br><br>          Defendants. | Case No. 1:25-cv-01693-BBC<br><br>Hon. Byron B. Conway |
| CITY OF PHILADELPHIA, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br>  v.<br><br>OSHKOSH CORPORATION, et al.<br><br>         Defendants. | Case No. 1:25-cv-01801-BBC<br><br>Hon. Byron B. Conway |

## **DECLARATION**

I, Michael J. Flannery, hereby declare and state as follows:

1.      I am a partner at Cuneo Gilbert & LaDuca, LLP ("CGL"), and I am a member in good standing of the State Bar of Missouri. The matters described herein are based on my personal knowledge, and if called as a witness, I could and would testify truthfully thereto.

2.      Plaintiffs in these Related Matters allege that defendants conspired to fix and maintain prices in the Fire Trucks and Apparatus market, in violation of the federal antitrust laws.

3.      Here, all current direct purchaser plaintiffs' counsel in this District unanimously support the proposed structure. Proposed interim class counsel have already taken significant steps to identify and investigate direct purchaser plaintiffs' claims and to advance this litigation.

4.      As proposed co-lead counsel for direct purchasers in this matter, CGL will continue to coordinate and collaborate with plaintiffs' counsel in the indirect purchaser cases, and with counsel for Defendants to efficiently and effectively advance this litigation. CGL will also ensure that this matter is adjudicated in an efficient manner, including by establishing a time-and-expense reporting protocol for all counsel, engaging experienced attorneys to assist as needed, and avoiding unnecessary duplication of work.

5.      CGL is a law firm based in Washington, DC with additional offices in St. Louis, Missouri, Brooklyn, New York, Nashville, Tennessee and Minneapolis, Minnesota. CGL represents clients in complex liability and class action litigation involving antitrust, securities, corporate governance, consumer protection, and products liability.

6.      CGL, along with its co-counsel, filed the second direct purchaser action in this litigation, on behalf of Newstead Fire Co., Inc. Before filing that case, I, along with CGL attorneys, spent significant time investigating the nature of the conspiracy at issue and its effect on the plaintiffs' class. CGL has vetted and consulted with an expert to assist the direct purchaser class in quantifying damages sustained by the class as a result of the alleged conspiracy.

7. CGL has considerable expertise in representing plaintiff classes in antitrust matters alleging price-fixing. In 2012, Judge Marianne Battani of the Eastern District of Michigan appointed CGL and the late Jonathan W. Cuneo interim co-lead counsel for indirect purchaser automobile dealerships in *In re Automotive Parts Antitrust Litig.*, Case No. 12-md-02311 (E.D. Mich.). Mr. Cuneo was appointed to represent putative classes of thousands of automobile dealers bringing dozens of actions stemming from the largest antitrust investigation in the history of the U.S. Department of Justice's Antitrust Division. The *Auto Parts* litigation involves more than 45 different conspiracies (each their own case) and more than 160 different defendants, most of which are foreign companies. It has been described as the largest, most complex, antitrust litigation in U.S. history. The *Auto Parts* litigation continues today and has resulted in well over $1 billion in indirect purchaser settlements. The commercial indirect purchaser automobile dealership plaintiffs have recovered over $400 million in settlements. Before *Auto Parts*, there had been few, if any, successful antitrust actions brought for commercial indirect purchaser plaintiff classes.

8. CGL also leads several other plaintiff classes in multidistrict litigation actions, including *In re Packaged Seafood Products Antitrust Litig.*, Case No. 15-md-02670 DMS(MSB) (S.D. Cal.) (CGL appointed sole lead counsel on behalf of certified class of commercial indirect purchasers); *In re Cattle and Beef Antitrust Litig.*, Case No. 22-md-03031 (D. Minn.) (Mr. Flannery appointed as co-lead counsel representing a putative class of commercial indirect purchasers of beef); *In re Pork Antitrust Litig.*, Case No. 18-cv-1776-JRT-HB (D. Minn.) (Mr. Flannery appointed as co-lead counsel representing a certified class of commercial indirect purchasers of pork); *In re Turkey Antitrust Litig.*, Case No. 20-cv-02295 (N.D. Ill.) (Mr. Flannery appointed as co-lead counsel for a certified class of commercial indirect purchasers of turkey); *In re Generic Pharmaceuticals Pricing Antitrust Litig.*, Case No. 16-md-2724 (E.D. Pa.) (CGL

representing a putative class of indirect purchaser pharmacy resellers bringing indirect purchaser actions against drug manufacturers); *In re Fragrance Indirect Purchaser Antitrust Litig.*, No. 23-cv-3249 (WJM) (JSA) (D.N.J.) (Mr. Flannery appointed co-lead counsel for commercial indirect purchaser plaintiffs); *In re Concrete & Cement Additives Antitrust Litig.*, No. 1:24-md-03097-LJL (S.D.N.Y.) (Mr. Flannery appointed co-lead counsel for indirect purchasers); and *In re Granulated Sugar Antitrust Litig.*, MDL No. 24-3110 (JWB/DTS) (Mr. Flannery appointed co-lead counsel for commercial indirect purchasers).

9. CGL is an active member in the antitrust legal community. Members of the firm currently serve as the Legal Representative and Executive Director for the Committee to Support Antitrust Laws (an organization co-founded by Mr. Cuneo), the Chair of the Board of Directors of the American Antitrust Institute, the Co-Founder and Director of U.S. Competition Policy for a new international coalition called the Responsible Online Commerce Coalition, and Co-Chair of the American Bar Association's U.S. Comments and Policy Committee as part of the Section on Antitrust Law. Through those associations, CGL attorneys act as policy consultants, draft comments to the Federal Trade Commission and briefs before federal appellate courts and represent third-party witnesses in government antitrust litigation and investigations.

10. I have over 34 years of experience in leadership roles concerning complex antitrust matters. As noted above, I serve as the lead attorney for CGL in the aforementioned lead counsel roles in the *Beef*, *Pork*, *Packaged Seafood*, *Turkey*, *Fragrance*, *Sugar*, and *Concrete* matters, and I will be the lead attorney in this matter. CGL was also recently appointed to a PSC position in the *In re Construction Equipment Rental Antitrust Litig.*, Case No. 1:25-cv-03487 (MDL 3152) (Northern District of Illinois; Judge Ellis).

25085486.2

11. I have previously served as co-lead counsel for direct purchaser plaintiffs in the *In re Microsoft Corp. Antitrust Litig.*, MDL No. 1332 (D. Md.), where consumers and small businesses alleged that they had paid more for the computers than was fair due to Microsoft's anticompetitive conduct. Serving as part of the lead counsel team in both state and federal cases against Microsoft, I worked to coordinate and manage dozens of cases, resulting in settlements worth hundreds of millions of dollars to consumers across the nation. I also served as part of the lead counsel team in the *Law v. NCAA*, Civil Action Nos. 94-2053-KHV, 94-2392-KHV and 95-2026-KHV (D. Kansas) (also known as the Restricted Earnings Coach Antitrust Litigation), where hundreds of college coaches alleged that they were wrongfully denied fair pay by their schools as part of a misguided NCAA effort to cut costs. Serving as lead counsel trial coordinator, I helped numerous witnesses prepare for and then present their testimony during several weeks of trial before the Honorable Kathryn Vratil in the District of Kansas. After several weeks of trial and the testimony of college coaches representing virtually every major sport, a federal court jury in Kansas City, Kansas awarded the coaches nearly $70 million (later settled on appeal to the 10th Circuit for $54 million). I also worked on one of the largest antitrust class actions ever brought, serving as part of the team that prosecuted the *In re NASDAQ Market-Makers Antitrust Litig.*, MDL No. 1023 (S.D.N.Y.). Investors alleged that the NASDAQ market-makers set and maintained wide spreads pursuant to an industry-wide conspiracy in one of the largest and most important antitrust cases in recent memory. After over three years of intense litigation, the case was settled for a total of $1.027 billion, at the time the largest antitrust settlement ever.

12. I also have extensive lead counsel experience in other complex class action matters. In a recent case that was litigated in Missouri state court, *Thomas Hootselle, et al. v. George Lombardi, et al.*, Case No. 12AC-CC00518-01 (Circuit Court of Cole County, Missouri), my co-

lead counsel and I represented a certified class of 13,000 correctional officers owed backpay for thousands of hours of uncompensated work. The case was tried to a jury verdict in August of 2018, with the jury awarding $113.7 million dollars to the class. The State of Missouri appealed, with the Supreme Court of Missouri eventually issuing a partial affirmance of both the verdict and summary judgment for the class, upholding the State's liability. The case was eventually settled in 2022, as preparations were underway for a second trial, for more than the original verdict. I was also one of three co-lead counsel in the *In re Toll Roads Litig.*, Case No. 16-CV-00262-ODW-ADS (C.D. Cal.), where California drivers alleged privacy violations and excessive fines from improper operation of certain Orange County, California toll roads. The case settled in 2022, with substantial monetary relief provided to those affected. Lastly, I served as co-lead counsel on behalf of classes of Hispanic and female employees of the Regents of the University of California working at Los Alamos National Laboratory in Los Alamos, New Mexico, alleging discrimination and Equal Pay Act violations (*Longmire v. Regents of the University of California d/b/a Los Alamos National Laboratory*, Case No. 03-CV-1404 (D.N.M.)). Plaintiffs alleged that LANL discriminated against female and Hispanic employees in terms of pay, promotion, educational opportunities and other terms and conditions of employment. The case resulted in a $12 million cash settlement for the affected female and Hispanic employees.

13. Other attorneys at CGL will be principally involved in litigating this matter. Evelyn Riley is a partner at CGL. She has over a decade of experience in litigating and managing complex multidistrict litigation with a focus on antitrust matters. She served as one of the two principal female attorneys representing thousands of automobile dealerships in 30 jurisdictions against upstream OEM part-suppliers who fixed prices and rigged bids in the *Auto Parts* MDL. Ms. Riley currently serves as part of the co-lead counsel team in the *Beef*, *Pork*, and *Turkey* matters,

25085486.2

representing Commercial and Institutional Indirect Purchaser Plaintiffs. Ms. Riley is also part of the co-lead counsel team in *In Re: Passenger Vehicle Replacement Tires Antitrust Litig.*, Case No. 5:24-md-3107 (N.D. Ohio) representing indirect purchasers of replacement tires from the largest tire manufacturers in the world. Ms. Riley also has considerable experience in other complex class action matters. She represents hospitals in cases against companies that fraudulently marketed and distributed opioids in the United States. Ms. Riley serves on the board of The Asian Pacific American Bar Association of the Greater Washington, D.C. Area, Inc., the oldest and largest association of APA attorneys in the Washington, D.C. area.

14. More information about CGL is available at the firm's website, *www.https://cuneolaw.com/*.

15. CGL is accustomed to financing complex cases and routinely invests significant financial resources in litigating claims against the largest and most well-funded defendants in the world. CGL will bring the same resources and commitment to its prosecution of this case and stands ready to dedicate the resources necessary to represent and protect the interests of the putative direct purchaser plaintiff class through rigorous motion practice, discovery, class certification, and trial.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 20, 2025     s/     *Michael J. Flannery*
                                         Michael J. Flannery