UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

IN RE: DIRECT PURCHASER FIRE
APPARATUS ANTITRUST LITIGATION

Case No. 1:25-cv-01543-BBC

Hon. Byron B. Conway

## MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION TO MODIFY ORDER APPOINTING INTERIM CO-LEAD COUNSEL FOR DIRECT PURCHASER CLASS

Direct Purchaser Plaintiffs respectfully move on behalf of the putative class, pursuant to Federal Rule of Civil Procedure 23(g), and paragraph 2 of the Court's Order of November 25, 2025 ("November Order") (ECF 19) for a modification of that November Order to appoint the Joseph Saveri Law Firm, LLP to serve as Interim Co-Lead Counsel for the Direct Purchaser Plaintiff Class together with Barrack, Rodos & Bacine ("BRB"), Cuneo Gilbert & LaDuca, LLP ("CGL"), and Preti Flaherty Beliveau & Pachios LLP ("Preti"), the firms already appointed as interim co-lead class counsel for the putative direct purchaser class, and von Briesen & Roper, s.c. ("von Briesen") as interim liaison class counsel for the putative direct purchaser class. As explained in more detail below, the firms believe that this modified structure will help to promote the efficient resolution of this nationwide case, inuring to the benefit of all parties as well as the Court. All direct purchaser plaintiffs in all known related actions in the U.S. support this motion.

### PROCEDURAL BACKGROUND

The November Order, among other things, consolidated three separate actions, each of which alleges that Defendants colluded to artificially raise and maintain prices of Fire Apparatus, in violation of Section One of the Sherman Act, 15 U.S.C. § 1, Section 7 of the Clayton Act, 15

U.S.C. § 18, and that the nationwide Class of direct purchasers was harmed thereby.[1] This litigation, captioned *In re: Direct Purchaser Fire Apparatus Antitrust Litigation*, is brought on behalf of a class consisting of all direct purchasers of fire apparatus from the manufacturer Defendants in the United States from January 1, 2016 to the present.[2] (ECF 19 at ¶ 1).

During the pendency of this action, a number of other direct purchaser antitrust class actions have been filed in a number of district courts throughout the United States on behalf of overlapping direct purchaser classes, including in the District of Massachusetts and the District of New Jersey. *See City of Revere v. Oshkosh Corp.*, 1:25-cv-13462 (D. Mass), attached as Exhibit A; *City of Chelsea v. Oshkosh Corp.,* 1:25-cv-13643 (D. Mass.), attached as Exhibit B; and *Borough of Roseland v. Oshkosh Corp.*, 2:25-cv-18312 (D.N.J.), attached as Exhibit C (collectively, "*Out of District Cases*"). Since November 25, 2025, when the matters filed within this District were consolidated before this Court, Counsel for the direct purchaser plaintiffs in all of these cases, including Interim Co-Lead Counsel, have discussed centralization and organization of these cases with one another and have concluded that the interests of justice, and the principals underlying Rule 23 and the Manual for Complex Litigation, support centralization of all direct purchasers cases in this Court.

Defendants have not yet answered or otherwise responded to any complaint, and all deadlines, including for any Defendant to respond to any complaint have been suspended until March 12, 2026. Prior to any Defendant filing a response to the complaint, each Plaintiff in the Out of District Cases have agreed to consolidate their actions with the Direct Purchaser Plaintiffs

---

[1] As noted at the outset, this motion for appointment of lead and liaison counsel only pertains to the direct purchaser plaintiff cases.

[2] Defendants in the pending direct purchaser actions in this District are Oshkosh Corporation, Pierce Manufacturing, Inc.; Rev Group, Inc.; Rosenbauer America LLC (collectively, "Manufacturer Defendants"); and Fire Apparatus Manufacturers' Association ("FAMA").

here, and is in the process of doing so by way of transfer or otherwise. Once docketed in this Court, the Out of District Cases are subject to the November Order. (ECF 19 at ¶ 1).

This motion seeks a modification of the November Order to appoint one additional firm to serve as Interim Co-Lead Counsel, together with the three firms the Court has already appointed to that role. Entry of this order will permit centralization in this District of all pending direct cases currently on file throughout the United States. By appointing a consensus organizational structure of lawyers with decades of experience prosecuting and resolving direct purchaser antitrust class action, the Court will be assured that this action will advance expeditiously and efficiently. *See* Fed. R. Civ. P. 1 (the Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.")

I. **ARGUMENT: MOTION TO MODIFY ORDER TO APPOINT ONE ADDITIONAL FIRM TO SERVE AS INTERIM CO-LEAD CLASS COUNSEL**

   A. **Legal Standards for Appointing Interim Class Counsel**

The Court is aware of the standards relating to the appointment of Interim Class Counsel from the original motion filed in this Action to address this issue (*see* ECF 15 [Memorandum] at pp. 6-9). The same standards set out in the original papers apply equally to the firm now being proposed as the fourth Interim Co-Lead Counsel, The Joseph Saveri Law Firm ("the Saveri firm"), one of the country's leading antitrust firms. Interim Co-Lead Counsel are confident that, upon review, the Court will find the Saveri firm satisfies the requirements of FRCP 23(g) and the inclusion of the firm in a leadership position will serve the interests of the class well.

   B. **Appointment of the Saveri Firm as an Additional Interim Co-Lead Counsel Will Promote the Efficient Resolution of This Litigation.**

As noted above, there are currently a number of class actions pending in numerous federal district courts alleging class claims for damages and other relief under Section One of the Sherman

Act, the federal antitrust statute. See 15 U.S.C § 1. Each of the cases brings these claims on behalf of similarly defined classes of direct purchasers. *See*, Exs. A, B, and C. It is consistent with sound principles of case management to centralize and consolidate these cases without delay. Resolution of issues regarding transfer and venue could delay this litigation for months. For example, this litigation could be delayed by months if, for example, a party to any of the Out of District Cases filed a motion to transfer before the Judicial Panel on Multidistrict Litigation ("JPML" or "MDL Proceedings"). The parties may also proceed with motions to transfer pursuant to 28 U.S.C. § 1404 or other venue statutes. The parties may also seek relief under equitable "first to file" case law. All of this is unnecessary when plaintiffs' counsel organize themselves and coalesce around a single venue. Plaintiffs have done so here. To avoid any such undue delay resulting from MDL proceedings, Interim Co-Lead Counsel engaged in successful good-faith discussions with counsel for the Plaintiffs in the Out of District Cases, including the Saveri firm, to encourage consolidation of those cases in this Court.

Consequently, appointed Interim Co-Lead Counsel strongly support the appointment of The Joseph Saveri Law Firm to join them as Interim Co-Lead Counsel. *See* Joint Declaration of Jeffrey A. Barrack, Michael Flannery, and Gregory Hansel in Support of Motion to Modify ("Co-Lead Counsel Decl."), ¶ 10. As the Court knows, this sort of "private ordering" is strongly encouraged by the Manual for Complex Litigation. *See* Manual, §§ 10.22, 21.272, at 279-80. The Court gave deference to this factor in its original appointment Order. See ECF No. 19. The appointment of the Saveri firm is also supported by all counsel in the *Revere, Chelsea,* and *Roseland* matters. Co-Lead Counsel Decl., ¶ 10; Declaration of Joseph R. Saveri in Support of Motion to Modify ("Saveri Decl."), ¶ 8.

4

Interim Co-Lead Counsel know that the Saveri firm has a well-deserved national reputation for its work leading and resolving complex antitrust class action matters, including some of the largest in history. Moreover, private ordering of counsel is to be encouraged. The private ordering evident from this proposed resolution will promote the efficient resolution of the case, avoiding the delay of an MDL proceeding, facilitating the orderly progress of this matter before the Court and reducing duplication of effort. The addition of additional firms under the leadership of four experienced lead counsel will ensure the case is prosecuted by a nimble and expert team of lawyers. The addition of the Saveri firm, headquartered in San Francisco California, will solidify the nationwide leadership of this case and will significantly strengthen the overall effort on behalf of the putative class, further increasing both antitrust expertise and valuable resources to Interim Co-Lead Counsel's efforts to vindicate the claims of the direct purchaser plaintiffs and the putative direct purchaser class. This case is a complex antitrust matter requiring significant resources and expertise. The addition of the Saveri Law Firm will help assure that the plaintiff class will receive the best possible representation.

In short, there is unanimous agreement[3] that *In re: Direct Purchaser Fire Apparatus Antitrust Litigation* should be led by four firms: (1) Barrack, Rodos & Bacine, (2) Cuneo, Gilbert & LaDuca LLP, (3) Preti Flaherty Beliveau & Pachios LLP, and (4) The Joseph Saveri Law Firm. Interim Co-Lead Counsel Decl., ¶ 10; *see also* Saveri Decl., ¶ 8.

Importantly, a modification of the order and appointment of the Saveri Firm as an additional Interim Co-Lead Counsel will not affect any deadlines or other orders in this case. All

---

[3] A recently filed action *City of Liberty Missouri v. Oshkosh Corp.,* Case No. 1:25-cv-2002 (E.D.Wis.) alleges the City of Liberty "purchased the Pierce pumpers via Pierce's exclusive dealer in the region, Conrad Fire Equipment." (*Id.,* ECF 1 at ¶ 18). Such alleged purchases appear to be indirect purchases through a dealer.

deadlines are presently stayed until March 12, 2026. Upon granting this motion, Plaintiffs from all of the direct purchaser actions intend to promptly file a consolidated complaint in this District. Doing so will not impact the case schedule or any other orders.

### C. Interim Class Co-Counsel Have Expended Significant Time and Resources to Investigate Plaintiffs' Claims and Advance This Litigation

The current team of appointed Interim Co-Lead Class counsel, as the Court would expect, have already taken significant steps to identify and investigate direct purchaser plaintiffs' claims and to advance this litigation. Interim Co-Lead Counsel Decl., ¶ 4. "One factor a court may consider is whether an attorney has undertaken 'the process of drafting the complaint [which] requires investigatory and analytical effort.'" *Walker v. Discover Fin. Servs.*, No. 10-CV-6994, 2011 WL 2160889, at *3 (N.D. Ill. May 26, 2011) (quoting Moore's Federal Practice § 23.120[3][a] (2007) and appointing as interim lead counsel the firms that had filed the first class action complaints and had performed the most work in identifying and investigating potential claims).

Since their appointment, Interim Co-Lead Class Counsel for the Direct Purchasers have been diligently working together to prepare a consolidated amended complaint to be filed on behalf of the class. These are the first direct purchaser plaintiff actions to be filed in this Court or any other court. Based on their expertise and experience in other antitrust cases, the *Out of District Cases* demonstrate their independent investigation of the facts underlying this litigation. For example, the first filed of the *Out of District Cases*, *City of Revere v. Oshkosh Corp., et al.,* 1:25-cv-13462 (D. Mass), asserts claims against the same Defendants as here and some additional defendants, who were not named as defendants in any other direct purchaser action, as well as asserting an additional claim under Section 7 of the Clayton Act. *See* Ex. A. Accordingly,

6

appointing the Saveri firm to serve as an additional Interim Co-Lead Counsel firm serves the interests of efficiency and economy and will avoid duplication of effort or work.

    **D.    Interim Class Counsel Have Extensive Antitrust Class Action Experience Which Is Further Supported by the Inclusion of Proposed Additional Interim Co-Counsel**

Interim co-lead and liaison class counsel have extensive experience in successfully prosecuting antitrust class actions and other complex litigation nationwide. The credentials of each currently appointed firm, BRB, CGL, and Preti have been fully vetted and approved by the Court. (ECF 19 at ¶ 2). As demonstrated in the attached Declaration of Joseph Saveri, the Saveri firm is qualified to serve as Interim Co-Lead Counsel with BRB, CGL, and Preti, as proposed. *See* Saveri Decl., ¶¶ 1-5, 10-11.

    **E.    Interim Class Counsel Have the Resources Necessary to Effectively Prosecute This Litigation Which Is Further Supported by Proposed Additional Interim Co-Lead Counsel**

As evidenced by their appointment, interim co-lead class counsel, BRB, Preti, and CGL, and interim liaison class counsel, von Briesen & Roper, have already satisfied the Court they are prepared to dedicate the necessary resources to represent and protect the interests of the putative direct purchaser class. (ECF 19). The Saveri firm is also prepared to do the same throughout this litigation. *See* Saveri Decl., ¶ 9.

    **F.    Interim Class Co-Lead Counsel, and the Proposed Additional Co-Lead Counsel Firm Will Continue to Work Cooperatively with All Counsel**

As reflected by their early success in private ordering to set up an efficient leadership structure, and then to avoid undue delay from venue disputes or MDL Proceedings, interim class co-counsel and the Saveri firm have also demonstrated their commitment to effective and efficient management, which will encourage and efficiently manage and direct other firms experienced antitrust counsel here. *See Baker v. Saint-Gobain Performance Plastics Corp.*, Civ. Nos. 1:16-CV-

0220 (LEK/DJS), *et al.*, 2016 WL 4028974, at *4 (N.D.N.Y. July 27, 2016) (interim counsel's "ability to command the respect of their colleagues and work cooperatively with opposing counsel and the court" are important considerations) (internal quotations omitted; citing Manual for Complex Litigation, § 10.224). In carrying out this responsibility, interim class co-counsel will avoid waste and duplication. These will include regular reporting of time and expenses and other management tools which have proven effective in ensuring the efficient management of cases of this size and scope. *See* Interim Co-Lead Counsel Decl., ¶ 10; Saveri Decl., ¶ 9. Their ability to work in a collaborative fashion with other firms is demonstrated by all of their efforts to date in this case.

## II. CONCLUSION

WHEREFORE, the Direct Purchaser Plaintiffs respectfully request that the Court modify paragraph 2 of the November Order to appoint Barrack, Rodos & Bacine; Cuneo, Gilbert & LaDuca, LLP; Preti Flaherty Beliveau & Pachios LLP; and The Joseph Saveri Law Firm to serve as interim co-lead class counsel and von Briesen & Roper as interim liaison class counsel, to represent the putative direct purchaser plaintiff class in this litigation. The November Order should otherwise remain in full force and effect.

[SPACE INTENTIONALLY REMAINS BLANK]

December 23, 2025												Respectfully submitted:

Gregory P. Hansel (WIED No. 607101)
Michael S. Smith (WIED No. 004986)
Elizabeth F. Quinby (WIED No. 006168)
Michael D. Hanify (WIED No. 010257)
PRETI FLAHERTY BELIVEAU &
PACHIOS, LLP
One City Center
P.O. Box 9546
Portland, ME 04112
Tel: (207)791-3000
ghansel@preti.com
msmith@preti.com
equinby@preti.com
mhanify@preti.com

*Interim Co-Lead Direct Purchaser Class Counsel and Co-Counsel for Plaintiff City of Augusta*

By: /s/ Beth Kushner
Beth Kushner, SBN 1008591
Christopher E. Avallone, SBN
von BRIESEN & ROPER, s.c.
411 East Wisconsin Avenue, Suite 1000
Milwaukee, WI 53202
Tel: (414) 276-1122
beth.kushner@vonbriesen.com
christopher.avallone@vonbriesen.com

*Interim Direct Purchaser Class Liaison Counsel and Co-Counsel for Plaintiff City of Augusta*

 /s/ Michael J. Flannery
Michael J. Flannery (WIED No. 110084)
CUNEO GILBERT & LADUCA, LLP
2 CityPlace Drive
Second Floor
St. Louis, MO 63141
Telephone: (314) 226-1015
mflannery@cuneolaw.com

*Interim Co-Lead Direct Purchaser Class Counsel and Counsel for Plaintiff The Newstead Fire Co., Inc.*

Evelyn Riley*
Cody McCracken*
CUNEO GILBERT & LADUCA, LLP
2445 M Street NW
Suite 740
Washington, DC 20037
Telephone: (202) 789-3960
evelyn@cuneolaw.com
cmccracken@cuneolaw.com

*Interim Co-Lead Direct Purchaser Class Counsel and Counsel for Plaintiff The Newstead Fire Co., Inc.*

/s/ Jeffrey A. Barrack
Jeffrey A. Barrack (WIED No. 78438)
Danielle M. Weiss (WIED No. 033342005)
BARRACK, RODOS & BACINE
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Tel.: (215) 963-0600
Fax: (215) 963-0838
E-mail: jbarrack@barrack.com
E-mail: dweiss@barrack.com
*Interim Co-Lead Direct Purchaser Class Counsel
and Counsel for Plaintiff City of Philadelphia*

Stephen R. Basser (WIED No. 121590)
Samuel M. Ward (WIED No. 216562)
BARRACK, RODOS & BACINE
600 West Broadway, Suite 900
San Diego, CA 92101
Tel.: (619) 230-0800
Fax: (619) 230-1874
E-mail: sbasser@barrack.com
E-mail: sward@barrack.com
*Interim Co-Lead Direct Purchaser Class Counsel
and Counsel for Plaintiff City of Philadelphia*

William J. Ban (WIED No. 1870690)
BARRACK, RODOS & BACINE
Eleven Times Square
640 8th Avenue, 10th Floor
New York, New York 10036
Tel.: (212) 688-0782
Fax: (212) 688-0783
E-mail: wban@barrack.com

*Interim Co-Lead Direct Purchaser Class Counsel
and Counsel for Plaintiff City of Philadelphia*

Joseph R. Saveri (CA State Bar No. 130064)*
Cadio Zirpoli (CA State Bar No. 179108)*
Ronnie Spiegel (WA State Bar No. 33721)*
David Seidel (CA State Bar No 307135)*
JOSEPH SAVERI LAW FIRM, LLP
601 California Street, Suite 1505
San Francisco, California 94108
Tel: (415) 500-6800
Fax: (415) 395-9940
E-mail: jsaveri@saverilawfirm.com
       czirpoli@saverilawfirm.com
       rspiegel@saverilawfirm.com
       dseidel@saverilawfirm.com

*\*Application for Admission to be filed*